IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLOYD PLEASANT TARVIN, IV, § | | |
| TDCJ-CID NO.1123659, § | | |
| Plaintiffs, § | | |
| v. § | | CIVIL ACTION NO. H-09-3984 |
| CHARLES BACARISSE, *et al*., § | | |
| Defendants. § | | |

OPINION ON DISMISSAL

On July 2, 2009, plaintiff Floyd Pleasant Tarvin, IV, an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") proceeding *pro se* and *in forma pauperis*, filed the pending complaint against the defendants under 42 U.S.C.§1983 in the 201st Civil District Court of Travis County, Texas in cause number D-1-GN-09-002125.  (Docket Entry No.3-3, page 9).  Plaintiff alleged violations of his civil rights in connection with a state court conviction and a post-conviction habeas corpus proceeding.  (*Id*., pages 9-30).  Defendants removed this case from state to federal court pursuant to 28 U.S.C.§1441 and paid the filing fee in federal court.  (Docket Entries No.1, No.3-3, page 41).  After reviewing all of the pleadings as required by 28 U.S.C.§1915A, the Court concludes that this case must be dismissed for reasons that follow.

STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA").  The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint

1

is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  Repetitious litigation raising the same cause of action as a previous or pending lawsuit is subject to dismissal under § 1915A as malicious.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are malicious).

## DISCUSSION

The present complaint is almost identical to the complaint that plaintiff filed in the 269th Judicial District Court of Harris County, Texas on May 12, 2009, under cause number 2009-29985. *Tarvin v. Bacarisse*, Civil Action No.4:09-1914 (S.D. Tex.) (Docket Entries No.1, page 1; No.1-2, pages 15-41).  Plaintiff alleges the same basic claims in both complaints.[1]  Such case was removed to federal court in Civil Action No.4:09-1914.  (Docket Entry No.1, page 1). Defendants filed an answer and plaintiff moved to remand the case to state court.  (Docket Entries No.2, No.3).  This Court denied the Motion to Remand on July 17, 2009.[2]  (Docket Entry No.10).  On August 8, 2009, plaintiff filed a notice of appeal from the denial of his Motion to Remand (Docket Entry No.16) and a Motion to Dismiss (Docket Entry No.15).  On September 4, 2009, this Court entered an order to stay and administratively close the case pending resolution

---

[1] Plaintiff has changed the order of some of the paragraphs regarding the "Defendant's Neglect of Duty" and "Illegal Acts by Defendants" in the present case from the complaint filed in Civil Action No.4:09-1914, but the content is the same.  His statement of the Historicity of Plaintiff's State Post-Conviction Habeas Corpus Proceedings in the present case is more succinct than in Civil Action No.4:09-1914; he also supports his claims with statements made by defendants in the present complaint.  (Docket Entry No.3-3, page 19).  The issues and the underlying facts in both cases are the same.

[2] Plaintiff informed the Travis County District Court that this Court had denied his motion to remand in Civil Action No.4:09-1914, but indicated in his "Traverse to Defendants' Response to Plaintiff's First Motion to Deny Defendants' Motion to Transfer Venue" that he had filed in Civil Action No.4:09-1914 a motion to dismiss without prejudice and remand to state court and that a hearing had been set for the motion on August 24, 2009.  (Docket Entry No.3, page 12).  The docket, however, does not show that this Court had scheduled a hearing on the motion but that the Clerk had set a motion docket date of August 24, 2009.  Civil Action No.4:09-1914 (S.D. Tex.) (Docket Entry No.15).

of the appeal and denied all pending motions. (Docket Entry No.23). On October 19, 2009, the Fifth Circuit Court of Appeals dismissed the appeal for want of prosecution. (Docket Entry No.25).

Because the claims in this action are duplicative of those raised in Civil Action No.4:09-1914, this complaint is subject to dismissal as malicious under 28 U.S.C.§1915A.

## CONCLUSION

Based on the foregoing, the Court ORDERS plaintiff's civil rights complaint is DISMISSED, with prejudice, as malicious. 28 U.S.C. § 1915A. All pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 4th day of November, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE